Scott Ferrell SBN 213405
Law Offices of Scott Ferrell
30162 Tomas, Suite 204
Rancho Santa Margarita, CA 92688
Tel: (949) 659-6746
Email: scott@scottferrell.com
Attorney for Plaintiff, MARTHA BECERRA

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| MARTHA BECERRA<br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, MARTHA BECERRA ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN").

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and Cal. Civ. Code § 1785 *et seq.*

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Washoe County, in the City of Reno, in the State of Nevada.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EXPERIAN is a corporation conducting business in the State of New York and is headquartered in Costa Mesa, California.

5. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

7. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation and is a "consumer reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d).

8. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is headquartered within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

12. This Court has supplemental jurisdiction over the state claims as all claims arise from the same nucleus of facts.

**Factual Allegations**

13. Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN regarding an Account she had with Capital One Bank (Capital One) settled with Capital One, and paid to Capital One, and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

14. CRAs, including EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

15. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

16. Further, Furnishers are prohibited from furnishing information it knows or should know is inaccurate.

17. Here, Plaintiff is a victim of inaccurate reporting in her credit report published by Experian. The following is a description of the inaccuracy and failures of the Defendant to investigate and update their reporting of the account in question:

18. Plaintiff and Capital One settled an account starting in 51780 ("Account").

19. Per the terms of the settlement, on or about April 25, 2025, Plaintiff made all payments required and thereby satisfied the agreement.

20. The Account should be reported with a zero-balance owed and a Metro 2 status code of Code 64.

Facts

21. On or about November 29, 2025, Plaintiff received a copy of her credit report from EXPERIAN.

22. To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant EXPERIAN reported inaccurate information regarding the Account.

23. Specifically, EXPERIAN reported the Account as "Charged Off." This status is inaccurate because both Plaintiff and Capital One's agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

24. Further, EXPERIAN failed to report the payment Plaintiff made under the terms of the agreement. Specifically, EXPERIAN reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $441.00.

25. EXPERIAN's failure to report the Account accurately and failure to report the agreement between Plaintiff and Capital One, and failure to report the payment Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

26. On December 1, 2025, Plaintiff issued a dispute by mail to EXPERIAN regarding the inaccurate information being reported on the Account.

27. Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

28. Further, Plaintiff included with her dispute letter proof of the settlement agreement between her and Capital One, and payment made to in satisfaction with the agreement.

29. Her dispute was received on or about December 18, 2025.

30. However, despite having received the letter and accompanying proof of payment, EXPERIAN continues to report the Account as having a current status of "Charge Off" and having an outstanding balance owed of $441.00.

31. The aforementioned information reported by EXPERIAN regarding the Account with Capital One, is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and Capital One.

32. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to

assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

33. At the time of filing, EXPERIAN continues to report the Account inaccurately, reporting a pay status of "Charge Off" with a balance owed of $441.00.

34. If EXPERIAN would have complied with its statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

35. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

36. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

**COUNT I – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

38. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

39. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

45. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

46. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

47. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

51. Had EXPERIAN considered Plaintiff's proof that the Account had been settled and paid off, EXPERIAN would not have republished the incorrect information regarding the Account.

52. EXPERIAN'S failure to consider the information provided by Plaintiff was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and Cal. Civ. Code § 1785 *et seq* and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: April 14, 2026

By: */s/ Scott Ferrell*
Scott Ferrell SBN 213405
Law Offices of Scott Ferrell
30162 Tomas, Suite 204
Rancho Santa Margarita, CA 92688
Tel: (949) 659-6746
Email: scott@scottferrell.com

Attorneys for Plaintiff,
MARTHA BECERRA